E-FILED
Friday, 04 December, 2020 01:47:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD GADDY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-4195 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et.al., | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff alleges his constitutional rights were violated at Hill Correctional Center by Defendants Wexford Health Source, Dr. Ek, and Warden Stephanie Dorethy. Plaintiff beings with a history of his repeated knee, foot, and shoulder pain at Stateville Correctional Center and Menard Correctional Center from 2016 to 2018. (Comp., p. 2-3). Plaintiff was given unspecified medication and encouraged to stretch and lift weights for his arthritis. Plaintiff also participated in physical therapy.

Plaintiff was transferred to Hill Correctional Center in either late September or early October of 2018.  Plaintiff first requested sick call during the week of October 7, 2018 for "excruciating pain from sudden headaches, pain and discomfort in knee, neck, shoulder, lower back." (Comp., p. 3).  The pain limited Plaintiff's ability to sleep or perform simple, daily functions.  In addition, Plaintiff suffered with depression, anxiety, and stress.  Plaintiff spoke to a nurse and mental health professional.

Plaintiff received several call passes for mandatory physical therapy between October 11, 2018 and October 24, 2018. Plaintiff says he "was not allowed to go," but he does not clarify who prevented the Plaintiff from attending physical therapy. (Comp., p. 4).  Plaintiff also received a disciplinary ticket on October 18, 2018 based on his failure to attend physical therapy. Plaintiff says the ticket was later expunged since the Plaintiff was not at fault.

Plaintiff met with a mental health provider on October 23, 2018 and attended sick call on November 1, 2018.  On both occasions, he complained of headaches as well as pain in his left knee, neck, back, and shoulder.  Plaintiff asked to see a doctor, receive an MRI, and stronger medication.

Plaintiff did not see Dr. Ek until approximately March 21, 2019.  Plaintiff repeated his complaints and requests.  The doctor ordered steroid shots for his shoulder, a low bunk permit, and continued physical therapy.  Plaintiff's other requests for additional testing or stronger medication were denied.

On July 18, 2019, Dr. Ek discovered Plaintiff was not receiving physical therapy, so he ordered five-day-a-week therapy for Plaintiff from July through October of 2019.

However, Plaintiff says the physical therapy was canceled in August of 2019 and he was not provided any explanation.

Plaintiff says two different nurses told him in September of 2019 that Plaintiff was told not to use weights. Plaintiff maintains no physical therapist ever told him this. On September 16, 2019, Dr. Ek told Plaintiff his therapy was canceled "because plaintiff reset the IDOC (Illinois Department of Corrections) issued device that 'can or should' only be done (at) assigned gym times." (Comp., p. 5). Plaintiff's statement is not clear to the Court and Plaintiff does not explain it further. Plaintiff does says he never received any disciplinary ticket for a rule violation.

Based on his allegations, Plaintiff then outlines three separate counts. Count I alleges an Eighth Amendment claim against Wexford based on a policy or practice of refusing or delaying sending inmates with serious medical needs to an off-site specialist for evaluation or treatment.

Count II alleges Dr. Ek violated Plaintiff's Eighth Amendment rights when he failed to send Plaintiff to an orthopedic specialist, ordered inappropriate medical treatment, and ignored his requests for outside evaluations.

To establish an Eighth Amendment violation, Plaintiff must show he suffered from a serious medical need and the Defendant was deliberately indifferent to that need. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir.2008). To establish deliberate indifference, "a plaintiff must provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*,

836 F3d 722, 728 (7th Cir. 2016)(emphasis in original), *citing Farmer v Brennan*, 511 U.S. 825, 844 (1994).

The Eighth Amendment is not a vehicle for bringing claims of medical malpractice. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).  Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  In addition, mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient. *Snipes*, 95 F.3d at 591-92.

Plaintiff claims Dr. Ek and Wexford failed to send him for outside consultation or treatment.  However, Plaintiff does not claim any medical provider ever recommended or mentioned the need for additional testing or treatment from an outside provider.  Further, it is not clear from Plaintiff's allegations that an outside consultation was required.  A "prison physician is not required to authorize a visit to a specialist in order to render constitutionally acceptable medical care." *Pyles,* 771 F.3d at 411.  Instead, "the choice whether to refer a prisoner to a specialist involves the exercise of medical discretion… so refusal to refer supports a claim of deliberate indifference only if that choice is 'blatantly inappropriate.'" *Id. quoting Roe v. Elyea,* 631 F.3d 843, 858 (7th Cir. 2011).

In this case, Plaintiff has only stated his dissatisfaction with the doctor's decision, which does not articulate a constitutional violation. *See Keel v. Corizon Medical Services*, 2014 WL 2095214, at *5 (N.D.Ind. May 16, 2014)( "Although (plaintiff) apparently believes they should have done more for him, his mere disagreement with doctors over

the proper course of treatment does not establish deliberate indifference."); *Ray v. Wexford,* 706 F.3d 864, 866 (7th Cir.2013) (prisoner with arthritis failed to establish deliberate indifference where he was under the care of doctors, underwent x-rays, and received pain medication, even though the inmate was "sure ... physicians could do better" with additional diagnostic testing); *Norfleet v. Webster,* 439 F.3d 392, 395–96 (7th Cir.2006) (difference of opinion over treatment of inmate's painful condition did not establish deliberate indifference).

Plaintiff has failed to articulate a claim against Dr. Ek or Wexford based on the lack of outside consultation or treatment. However, it is possible Plaintiff might still be able to articulate an Eighth Amendment violation. For instance, it is not clear why Plaintiff was prevented from attending physical therapy sessions for an extended period of time, nor is it clear who was responsible. If Plaintiff believes he can state a constitutional violation, he should clarify who prevented him from going and whether the Defendant knew the therapy was required.

It also possible Plaintiff might be able to state a claim against Dr. Ek based on the care provided. However, it is unclear if Dr. Ek knew Plaintiff was not denied physical therapy prior to July of 2018. Plaintiff should also explain more fully why his physical therapy sessions were canceled and if it had any impact on his condition. Further, Plaintiff should clarify if he remained on medications or other treatment for his arthritis.

Plaintiff's final claim, Count III, alleges Defendant Warden Dorethy violated his Eighth Amendment rights based on deliberate indifference to his serious medical

condition.  Plaintiff says the Defendant denied his grievances and turned a blind eye to the failure to provide adequate medical care at Hill.

First, Plaintiff has not clearly articulated a claim alleging any medical staff members were deliberately indifferent to his serious medical condition.  Second, Plaintiff has not alleged he was denied medical care, but instead that he was dissatisfied with the care he received.  A prison official does not disregard an inmate's complaint if he knows medical staff was monitoring and addressing a problem. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir.2006).

Since it is possible Plaintiff may be able to articulate an Eighth Amendment claim, the Court will allow him an opportunity to file an amended complaint.  The amended complaint must stand complete on its own without referring to the previous complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

2) Plaintiff may file an amended complaint clarifying his claims within 21 days or this order or on or before December 28, 2020.  If Plaintiff fails to file an amended complaint on or before December 28, 2020, his case will be dismissed without prejudice.

3) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

6

ENTERED this 4th day of December, 2020.


                        s/ James E. Shadid
        _____
                        JAMES E. SHADID
                  UNITED STATES DISTRICT JUDGE