UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GERALD GADDY,                    )
   Plaintiff,                    )
                                 )
vs.                              )  Case No. 20-4195
                                 )
WEXFORD HEALTH SOURCES, INC., et.al., )
   Defendants.                   )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to amend his complaint. [9].

Plaintiff's original complaint was dismissed for failure to state a claim upon which relief could be granted. *See* December 4, 2020 Merit Review Order; 28 U.S.C. §1915A.  Most of Plaintiff's claims appeared to allege only his dissatisfaction with the medical care provided and not a violation of his constitutional rights. Since it was possible Plaintiff could articulate a violation of his Eighth Amendment rights, the Court explained the additional information needed and allowed him time to file an amended complaint.  Plaintiff has now filed a motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [9]'

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff again alleges his constitutional rights were violated at Hill Correctional Center by Defendants Wexford Health Source, Dr. Ek, and Warden Stephanie Dorethy. Plaintiff also repeats his history of his knee and shoulder pain at Stateville Correctional Center and Menard Correctional Center from 2016 to 2018. On May 18, 2018, Plaintiff says he was diagnosed with degenerative disc disease as well as mild to advanced osteoarthritis in his right shoulder. A doctor ordered physical therapy and a follow-up visit if his symptoms worsened. The physical therapy was approved on September 6, 2018, but Plaintiff was transferred to Hill Correctional Center on October 4, 2018.

Plaintiff says he began to fill out sick call requests due to "excruciating pain and discomfort." (Amd. Comp., p. 4). Plaintiff asked about the physical therapy and explained "the need for an MRI, stronger medication for pain." (Amd. Comp., p. 4).

Plaintiff did receive medical passes to obtain physical therapy from approximately October 11, 2018 through October 24, 2018. However, Plaintiff claims correctional officers would not allow Plaintiff to leave his housing unit. The officers said they were waiting to hear from Warden Dorethy, but the Warden "denied plaintiff's request for physical therapy." (Amd. Comp., p. 5).

Plaintiff admits he was issued a disciplinary ticket for not attending the required physical therapy session, but says the ticket was later expunged.

Plaintiff wrote a letter to Warden Dorethy complaining about the delay and ultimate denial of his physical therapy and other medical care. Plaintiff does not state if he ever received a response.

Plaintiff continued to submit regular sick call requests, but he was not allowed to see a doctor until five months later on March 21, 2019. Plaintiff requested an MRI or x-ray, stronger medication, and physical therapy. Dr. Ek confirmed the Warden had delayed the prescribed physical therapy, but the doctor was not sure why. The doctor then prescribed a lower bunk permit, physical therapy, and the same medication Plaintiff was already receiving including Tylenol and Ibuprofen.

Plaintiff says Dr. Ek also prescribed steroid shots on two occasions to help with pain. The doctor said if the pain continued, he would try other options to address his right shoulder pain. It is unclear when Plaintiff received the first shot.

Plaintiff returned to see Dr. Ek on July 18, 2019 after filling multiple requests. Plaintiff complained of headaches as well as pain and discomfort in his left knee, right shoulder, neck, and back. Plaintiff again asked for an MRI or x-ray and physical therapy. Dr. Ek thought Plaintiff was receiving the physical therapy the doctor ordered in March.

The doctor again ordered physical therapy and the second steroid shot. Plaintiff resumed physical therapy on July 19, 2019. Plaintiff claims it was scheduled for three months, but it was stopped on August 19, 2019. A nurse told Plaintiff the physical therapist terminated the sessions after he twice warned Plaintiff to stop using weights.

Plaintiff also learned Warden Dorethy had canceled his previous physical therapy when Plaintiff "used the kiosk to reset his IDOC issued device (MP3)." (Amd. Comp., p. 7). Plaintiff notes he never received a ticket for a rules violation based on this incident.

Plaintiff says Dr. Ek refused to ensure Plaintiff received the prescribed physical therapy, an x-ray or MRI, referral to an outside specialist, and effective pain medication. Plaintiff says he continues to suffer in tremendous pain which impacts his ability to perform daily functions.

Plaintiff has adequately alleged Defendant Dr. Ek was deliberately indifferent to his serious medical condition when he delayed or denied medical care for his osteoarthritis and pain. Plaintiff has also alleged Defendant Dorethy was deliberately indifferent when he delayed or denied prescribed physical therapy.

Plaintiff has not stated a claim against the Warden based on failing to supervise Wexford or other employees. The mere fact a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). In addition, a Warden would not supervise Wexford employees.

In addition, Plaintiff has not stated a claim against Defendant Warden Dorethy for disregarding his need for medical care at any other time. Plaintiff alleges only that he wrote a letter to the Warden and did not receive a response. There is no indication

4

the Warden received the letter or knew about any other complaints regarding medical care. Even if Plaintiff filed grievances, a denial of a grievance is not sufficient to establish liability. *See George v Smith*, 507 F.3d 605, 609(7th Cir. 2007)("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.")

Plaintiff also claims Wexford was deliberately indifferent because the company had a policy or practice of delaying referral to an outside provider. Based on the complaint, it is not clear Plaintiff can demonstrate such a referral was appropriate in this case. However, for the purpose of notice pleading, Plaintiff may proceed with his official capacity claim.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Dr. Ek was deliberately indifferent to Plaintiff's serious medical condition when he delayed or denied medical care for his osteoarthritis and pain; b) Defendant Dorethy was deliberately indifferent when he delayed or denied prescribed physical therapy; and c) Wexford was deliberately indifferent to Plaintiff's medical condition based on a policy or practice of delaying referral to an outside provider. The claim against Wexford is an official capacity claim. The two other claims are individual capacity claims. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [9]**

**2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 26th day of April, 2021.

                                  s/ James E. Shadid
                    _____
                                JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE